## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| JAMES STODDARD, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-21-308-F |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James Stoddard seeks to recover unpaid overtime wages and other relief on behalf of himself and other similarly situated employees, who worked for defendant Love's Travel Stops & Country Stores, Inc., in the position of operations manager at defendant's stores. Mr. Stoddard alleges that defendant violated the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201, *et seq*., by willfully misclassifying the operations manager position as exempt from overtime wages and failing to pay operations managers overtime wages for hours they worked in excess of 40 hours per workweek.

Presently before the court is a motion by Mr. Stoddard and eleven other individuals[1] (collectively plaintiffs) asking the court to conditionally certify a collective action under the FLSA, specifically, 29 U.S.C. § 216(b). *See*, doc. no. 55. Plaintiffs also ask the court to approve a form of notice to send to potential opt-in

---

[1] Mariel Carrillo, Elisa Necaise, April Wittu, Demetrie Porter, Tiffany Jobe, Tabatha Chamberlain, Steven Beckom, Jessica Kelly, Jamel McConico, Lamarr Martin, and Dawn Taylor.

members of the collective action and to order defendant to provide certain contact information within 10 days of the court's order certifying the collective action.  *Id*.  Defendant has responded, opposing the requested relief.  *See*, doc. no. 63.  Plaintiffs have replied.  *See*, doc. no. 66.  The motion is at issue.

*Background*

In 2017, an FLSA collective action was filed against defendant in the United States District Court for the Middle District of Pennsylvania, <u>Lawson v. Love's Travel Stops & Country Stores, Inc.</u>, Case No. 17-CV-1266-CCC-MCC, on behalf of current and former operations managers employed at defendant's stores.  The plaintiffs alleged they were misclassified as exempt managerial employees and did not receive overtime wages.  The plaintiffs sought conditional certification of an FLSA collective action, which the court granted.  Approximately 390 employees joined the collective action.  The case settled in July of 2020.  The settlement was approved, and the case was dismissed with prejudice in February 2021.  Prior to the dismissal, defendant reclassified its operations managers as non-exempt effective January 3, 2021.

J.D. Ellis, who was an opt-in plaintiff in the <u>Lawson</u> action, filed this action seeking to prosecute FLSA claims on behalf of operations managers employed from April 7, 2018 to the entry of judgment in this case, excluding any time worked prior to October 14, 2020 by any operations manager who opted in and released such claims via their participation in the settlement of the <u>Lawson</u> action.[2]  Defendant moved to dismiss Mr. Ellis's action and compel arbitration or, in the alternative, to compel arbitration and stay the action.[3]  The court granted defendant's motion to the

---

[2] As an opt-in plaintiff in <u>Lawson</u>, Mr. Ellis released his unpaid overtime wage claims through October 14, 2020.

[3]Defendant initiated an arbitration program in October of 2020.

extent it sought to compel arbitration of Mr. Ellis's individual FLSA claims and stayed the action pending arbitration proceedings.

Prior to ruling on defendant's motion, six individuals, including James Stoddard, filed consent to join forms, thereby consenting to be party plaintiffs in Mr. Ellis's action.  Mr. Ellis and the opt-in individuals moved the court to lift the stay and to permit the filing of an amended complaint with James Stoddard proceeding as the named plaintiff.  They maintained that Mr. Stoddard did not execute an arbitration agreement like Mr. Ellis.  Defendant did not oppose the motion.  The court granted the motion, and James Stoddard filed the amended complaint.  Mr. Stoddard seeks to pursue FLSA claims on behalf of a proposed collective consisting of himself and the other eleven opt-in individuals,[4] and all persons currently or formerly employed by defendant as operations managers in the United States at any time from January 1, 2018, through January 3, 2021 (the date defendant reclassified the operations manager position as non-exempt).[5]

In support of the motion for conditional certification, plaintiffs have submitted sworn declarations from themselves, together with sworn statements of eleven operations managers who previously participated in the Lawson action.  The individuals have worked for defendant in 18 different states and in approximately 51 different stores.  Plaintiffs also submitted a uniform Job Description and a uniform Store Operations Manual.  Plaintiffs contend this evidence is sufficient to satisfy their lenient burden for justification of sending notice of the action to other

---

[4] See, footnote no. 1.

[5] In their motion, plaintiffs request the court to "conditionally certify an FLSA collective consisting of: All individuals who were employed by Love's as an exempt-classified [Operations Manager] during any workweek from January 1, 2018 through the date that Love's reclassified the [Operations Manager] position."  Doc. no. 55, ECF p. 24.

operations managers employed by defendant.  As further support for their motion, plaintiffs submit the <u>Lawson</u> court's order granting conditional certification.

*Standard of Decision*

Under the FLSA, an employee may bring an action for unpaid overtime wages against his employer on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b).  The purpose of an FLSA collective action is to allow "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and to benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising" from the same alleged conduct.  <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989).  Unlike class actions under Federal Rule of Civil Procedure 23, the FLSA requires the similarly situated employees to actively "opt-in" to an FLSA collective action by filing a written consent with the court.  *See*, 29 U.S.C. § 216 ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Although the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved of an *ad hoc* approach for determining on a case-by-case basis whether employees are similarly situated.  *See*, <u>Thiessen v. General Electric Capital Co.</u>, 267 F.3d 1095 (10th Cir. 2001).  Under this approach, the court engages in a two-step process.  At step one, the court makes "an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"  *Id*. at 1102.  That is, the court determines whether a collective action should be conditionally certified for the purpose of sending notice of the action to potential opt-in members of the collective action.  The first step applies a lenient standard, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. (quotation marks and citation omitted); *see*

*also*, <u>Blankenship v. Kwick Rentals, LLC</u>, Case No. CIV-15-1057-D, 2016 WL 4734686, at *4 (W.D. Okla. Sept. 9, 2016) (movant must demonstrate a "modest factual showing" that plaintiffs and the potential opt-ins together were victims of a common policy or plan that violated the law).  "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy, or plan." <u>Hart v. Sandridge Energy, Inc.</u>, Case No. CIV-14-178-R, 2014 WL 2983358, at *2 (W.D. Okla. July 1, 2014).

After discovery, the court at step two—often prompted by a motion to decertify by defendant—determines whether the plaintiffs are similarly situated using a stricter standard. <u>Thiessen</u>, 267 F.3d at 1102-03.  During this step, the court considers several factors, including disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit. *Id*. at 1103.  If the plaintiffs succeed at carrying their heavier burden at the second stage, the case proceeds to adjudication on the merits as a collective action.

*Conditional Certification Analysis*

Plaintiffs move for conditional certification under the first step of the *ad hoc* approach approved in <u>Thiessen</u>, asking the court to apply the "lenient," "modest factual showing" standard in determining whether the putative class members are similarly situated.  Defendant, however, urges the court to use an "intermediate approach" in analyzing the issue, claiming that "there has been incredibly comprehensive discovery in <u>Lawson</u> conducted over a period of multiple years on the exact same claims" as those alleged in this case.  Doc. no. 63, ECF p. 17. According to defendant, the relevant discovery materials demonstrate that plaintiffs

and the members of the putative class are not similarly situated.  Defendant cites several cases, including Thiessen v. GE Capital Corp., 996 F. Supp. 1071, 1081 (D. Kan. 1998), to support a heightened standard in analyzing the "similarly situated" question.

Upon review, the court declines to apply the "intermediate approach" advocated by defendant.  Although discovery was conducted in the Lawson case, plaintiffs have not conducted any discovery in this case.  And they have not relied on any material that was obtained during discovery in Lawson to support their motion.  Indeed, plaintiffs' counsel, as an officer of the court, represents he is prohibited by a confidentiality order in Lawson from using any discovery that is not otherwise in the public record.  See, doc. no. 66, ECF p. 11, n. 3.  Analyzing the matter against that backdrop, the court concludes that the lenient conditional certification standard should be applied to the pending motion.  Based upon the pleadings and evidence submitted by plaintiffs, the court is satisfied that plaintiffs have made a modest factual showing that they and the potential opt-in members of the collective action were victims of a common policy or plan that violated the FLSA.  The record contains substantial allegations that plaintiffs and the putative class members were victims of a single decision, policy, or plan of defendant.  The court therefore concludes that the action may proceed as a collective action.

In its response, defendant argues that even if the court grants conditional certification of a collective action, the court should limit the putative class members to those operations managers who have not executed arbitration agreements with defendant.  Defendant specifically relies on two circuit cases, In re JP Morgan Chase & Co., 916 F.3d 494 (5th Cir. 2019) and Bigger v. Facebook, Inc., 947 F.3d 1043 (7th Cir. 2020), to support its position.  According to defendant, more than half of the 2,120 individuals employed as operations managers between April 8, 2018 and January 2, 2021 (1,144 in total) entered into binding and applicable arbitration

agreements, requiring any FLSA dispute to be resolved individually and in arbitration.  Defendant points out that the court has previously found the arbitration agreement to be valid and enforceable as to Mr. Ellis.  Defendant posits that there is no reason for the court to issue notice of a collective action to the 1,144 individuals who signed arbitration agreements and therefore requests the court to exclude these individuals from notice.

Upon review, the court declines defendant's request.  The Tenth Circuit has not decided the issue, but "the current weight of law in this Circuit holds that a collective may be conditionally certified, and notice given, notwithstanding that some of the prospective members of the collective may have signed arbitration agreements."  Pogue v. Chisholm Energy Operating, LLC, 2021 WL 5861184, at *8 (D.N.M. Dec. 10, 2021) (citing and quoting Judd v. Keypoint Government Solutions, Inc., Case No. 18-CV-00327-RM-STV, 2018 WL 7142193, at *4 (D. Colo. Dec. 4, 2018) and Beattie v. TTEC Healthcare Solutions, Inc., Case No. 1:18-CV-03098-RM-NRN, 2019 WL 2866559, at *1 (D. Colo. July 3, 2019)).  Additionally, defendant has not asserted that James Stoddard and the other individuals identified in note 1, above, are subject to the arbitration agreement.  The court opines that the plaintiffs should not be required to litigate the issue when they do not know all the facts or circumstances surrounding how the arbitration agreements were formed. The court recognizes it has rejected a challenge by Mr. Ellis and the opt-in individuals, including Mr. Stoddard, to the validity of the arbitration agreements on the ground of unconscionability, but it is unclear, at this juncture, whether there might be other defenses available to the potential opt-in members of the collective action.  Although plaintiffs might be able to obtain such information through discovery, this would cause further delay in the FLSA notice process.  Additionally, defendant has not presented any evidence to the court of an executed arbitration agreement signed by a potential opt-in member of the collective action.  The court

also notes that the Tenth Circuit in <u>Thiessen</u> indicated that the second step of the *ad hoc* approach requires the court to address the "various defenses available to defendant which appear to be individual to each plaintiff."  <u>Thiessen</u>, 267 F.3d at 1103.  Although defendant's arbitration argument (that the unpaid overtime wages claims should be arbitrated rather than adjudicated in this court) is not an affirmative defense under Rule 8(c)(1), Fed. R. Civ. P., *see*, <u>Hill v. Ricoh Americas Corp.</u>, 603 F.3d 766, 771 (10th Cir. 2010), the court nonetheless concludes that "the existence of [a valid and enforceable] arbitration agreement goes to an aspect of [defendant's] defense" in this case.  <u>Gonzalez v. Diamond Resorts International Marketing, Inc.</u>, Case No. 2:18-cv-00979-APG-NJK, 2020 WL 2114353, at *6 (D. Nev. May 1, 2020).  The court thus concludes that the issue need not, and should not, be addressed at this procedural juncture.

While the court declines, at this stage, to determine the validity and enforceability of the arbitration agreements executed by potential opt-in members of the collective action, the court finds that it is reasonable to include language in the court-authorized notice informing the recipients about defendant's assertion that the claims of present or former operations managers may be subject to arbitration rather than judicial determination.  The court concludes that including that information would assist potential opt-in plaintiffs to make informed decisions about joining this case.  *See*, <u>Gonzalez</u>, 2019 WL 3430770, at *5.

*Class Notice*

Plaintiffs attach to their motion a Court-Authorized Notice (Notice) which includes a Consent to Join form, *see*, doc. no. 55-29.  They request approval of the Notice for distribution to potential opt-in members of the collective action.  Plaintiffs request that the Notice be sent via mail, email, and text message, and that defendant be required to post the notice in its break rooms and include it in pay envelopes or any other method of delivery of paycheck information.  In addition, plaintiffs request

8

a 60-day notice period and a reminder mailing to unresponsive operations managers half-way through the notice period. Plaintiffs further request that potential opt-in plaintiffs be given the opportunity to join the case by mailing, faxing, or emailing their consent forms, or by providing electronic consent on a dedicated, secure website. Lastly, plaintiffs request the court to order defendant to provide certain employee contact information[6] within ten days of the court's order certifying a collective action.

Defendant, in its response, requests that the parties be permitted to engage in discussions to reach an agreement on the court-authorized notice and the notice process, involving the court only if necessary. According to defendant, plaintiffs' proposed Notice is misleading, does not set forth defendant's position adequately, does not provide contact information for defendant's counsel, and does not refer to any discovery obligations that may be required. Defendant does not object to sending the notice by mail and email with a 60-day notice period, but it contends that any other method of sending notice or sending a reminder notice is inappropriate, unnecessary, and not supported by law. Further, defendant contends that employee contact information should be given in confidence to a third-party administrator, rather than plaintiffs' counsel, and that the third-party administrator send the court-authorized notices to the putative class members. According to defendant, the employee contact information should not include the employees' telephone numbers, work and personal email addresses, locations of employment, and social security numbers due to privacy concerns. Finally, defendant contends that the employee contact information should only be required for individuals

---

[6] Specifically, plaintiff requests a list, in electronic format, of all persons employed by defendant as operations managers three years prior to the date of plaintiff's motion to the present including: names, addresses, telephone numbers, dates of employment, locations of employment, social security numbers, and work and personal email addresses.

employed three years prior to the date of any court order, rather than going back from the date of plaintiffs' motion.

Upon review, the court agrees with defendant that the parties should meet and confer on the content of the court-authorized notice.  And the parties should use plaintiffs' Notice as a foundation for discussions.  For the parties' information, the court, as previously stated, concludes that the court-authorized notice should include language regarding defendant's assertion that the claims of present or former operations managers may be subject to arbitration rather than judicial determination. The court also concludes that the court-authorized notice should include the name, firm name, and address of defendant's counsel.  Further, instead of the language in section 6 of plaintiffs' Notice stating: "While these lawsuits are pending, you may be asked to provide discovery and relevant information regarding the work you performed at Love's Travel Stops," the court concludes the language should state: "While this lawsuit is pending, you may be required to participate in this lawsuit by potentially providing written information about the work you performed at Love's Travel Stops, relevant documents in your possession, if any, or testimony."

As to the notice process, the court will allow the court-authorized notice to be sent by first class mail and email by a third-party administrator agreed upon by the parties.  Defendant will not be required to post the court-authorized notice in breakrooms or any other location at defendant's stores, and it will not be required to send the court-authorized notice in pay envelopes or any other method of delivery of paycheck information.

The court will allow potential opt-in plaintiffs to join the litigation by mailing, faxing, or emailing their consent to join forms to the third-party administrator or plaintiffs' counsel.  The court rejects plaintiffs' proposal for a dedicated secure website for the purpose of submitting electronic consent.

The court will allow a 60-day notice period and will allow a reminder notice to be sent by first-class mail and email by the third-party administrator to all unresponsive operations managers 30 days after the initial mailing.  The parties will be required to meet and confer on the content of the reminder notice within 21 days of the date of this order.

The court will require defendant to provide in confidence to the third-party administrator the names, last known mailing addresses, work email addresses and personal email addresses (if known by defendant), dates of employment, and locations of employment of all individuals employed as operations managers within three years prior to the date of this order.  No other contact information, including social security numbers, will be required.  The court will require the contact information to be produced to the third-party administrator within 21 days of the date the parties agree upon a third-party administrator.  Plaintiffs' counsel will coordinate with the third-party administrator in the sending of the court-authorized notice by first-class mail and by email within 21 days of the court's approval of the court-authorized notice, and plaintiffs' counsel will notify the defendant of the mailing date of the court-authorized notice.

Accordingly, Plaintiffs' Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) (doc. no. 55) is **GRANTED**.  The court **ORDERS** as follows:

This action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) for notice purposes only.  The collective action is conditionally defined as follows:

> All individuals who were employed by defendant as exempt classified operations managers during any workweek from January 1, 2018, through January 3, 2021.

Within 21 days from the date of this order, the parties shall meet and confer on the content of the court-authorized notice and the reminder notice to be sent to

the potential opt-in members of the collective action, including the items set forth above relating to the court-authorized notice, and shall agree upon the third-party administrator to mail and email the court-authorized notice and the reminder notice. The parties shall provide an agreed court-authorized notice and reminder notice for the court's approval **no later than August 31, 2022**. If the parties are unable to agree to all content of the court-authorized notice or reminder notice, the parties shall file a written notice **no later than August 31, 2022**, setting forth their respective positions, and supporting authority, on the content to which the parties cannot agree.

Within 21 days from the date the parties agree on a third-party administrator, defendant shall produce in confidence to the third-party administrator the names, last known mailing addresses, work email addresses, and personal email addresses (to the extent the personal email addresses are known to defendant), dates of employment, and employment locations of all individuals employed as operations managers three years prior to the date of this order. Defendant's counsel shall notify plaintiffs' counsel of the date the information is provided to the third-party administrator.

Within 21 days from the date the court approves the court-authorized notice, plaintiffs' counsel will coordinate with the third-party administrator in the sending of the court-authorized notice by first-class mail and by email to the potential opt-in members of the collective action. Plaintiffs' counsel will notify defendant of the mailing date of the court-authorized notice.

Each recipient of the court-authorized notice shall have 60 days from the date of the mailing by the third-party administrator to return the consent to join form to join this litigation.

A reminder notice, approved by the court, shall be sent by first-class mail and email by the third-party administrator, 30 days from the date of the initial mailing of the court-authorized notice, to the potential opt-in members of the collective action

who have not yet returned a consent to join form to either the third-party administrator or plaintiffs' counsel. Plaintiffs' counsel will coordinate with the third-party administrator in the sending of the reminder notice and will notify defendant's counsel of the mailing date of the reminder notice.

The consent to join form may be returned to the third-party administrator or plaintiffs' counsel by mail, fax or email. A consent to join form that is postmarked on or before the 60-day deadline is considered timely if received by the third-party administrator or plaintiffs' counsel within 4 business days of the deadline.

The parties shall submit a joint status report and proposed schedule within 21 days of the close of the 60-day notice period, detailing their proposed schedule for completion of this litigation through all stages leading to (but not including) pretrial filings and trial. If the parties are unable to agree on a proposed schedule, the parties shall file their respective proposals by the end of that 21-day period.

IT IS SO ORDERED this 26th day of July, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0308p020 REV _.docx